**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **NOOR ABDEL-SAMED,** | : | |
| | : | |
| Plaintiff, | : | **CIVIL ACTION NO.** |
| | : | |
| v. | : | **JURY TRAIL DEMANDED** |
| | : | |
| **L.E.K. CONSULTING AMERICA INC.** | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT FOR DAMAGES**

Plaintiff Noor Abdel-Samed ("Plaintiff" or "Abdel-Samed"), by and through undersigned counsel, hereby files this Complaint against Defendant L.E.K. LLC Consultants ("Defendant" or "L.E.K."), and alleges as follows:

**JURISDICTION AND VENUE**

1.

This action arises under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA").

2.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3.

Venue is proper in this District under 28 U.S.C. § 1391(b) because the discriminatory and retaliatory and employment practices occurred in this judicial district and Plaintiff was employed in and resides in Fulton County, Georgia.

4.

Plaintiff has or will satisfy all administrative prerequisites to filing this lawsuit. He was denied reinstatement from a medical leave of absence on May 1, 2025 and filed a timely Charge

of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on May 8, 2025. On May 19, 2025, he was terminated by Defendant On May 19, 2025, he requested in writing a Notice of Right to Sue from the Equal Employment Opportunity Commission, a Notice which has not yet been issued, but to which Plaintiff has a statutory right to receive.

## PARTIES

5.

Plaintiff Noor Abdel-Samed is a resident of Atlanta, Fulton County, Georgia. He was a Partner and the Managing Partner of the Atlanta office of L.E.K. until the events described herein, which began in mid-January 2025.

6.

Defendant L.E.K. LLC Consultants is a foreign profit corporation of the state of Delaware and consulting firm with more than 500 employees and offices across the United States and Internationally, including in Atlanta, Georgia. L.E.K. may be served through its Registered Agent, CT Corporation System, 289 South Culver Street, Lawrenceville, Georgia 30046. L.E.K.'s principal office address is 75 State Street, 19th Floor, Boston, Massachusetts 02109.

## STATEMENT OF FACTS

7.

Plaintiff joined L.E.K. in 2017, was promoted to Partner in January 2019, and served as the Managing Partner of its Atlanta office beginning in August 2023.

8.

On January 20, 2025, Plaintiff experienced a medical event caused by an undiagnosed psychiatric condition. Shortly thereafter, he was placed on a six-month medical leave, retroactive to January 15, 2025.

9.

During his leave, and without his permission, Plaintiff was immediately cut off from all L.E.K. Firm communications, including email and client access. Upon information and belief,

similarly, situated partners who took or were placed on similar leaves have never been subjected to such communication restrictions.

10.

In early February 2025, Plaintiff was diagnosed for the first time with bipolar disorder and immediately began appropriate and effective medical treatment. On March 31, 2025, his psychiatrist confirmed that Plaintiff was fit and able to return to work effective May 1, 2025, and capable of performing the essential functions of his position with or without reasonable accommodation. A letter from the health care provider so stating was provided to L.E.K. the first week of April 2025. The March 31, 2025 letter stated among other things:

> Since entering my care, I have met with and provided treatment to Mr. Abdel-Samed twice a week. During these treatment sessions, it became apparent that Mr. Abdel-Samed had been misdiagnosed in the past, and that misdiagnosis and the related lack of proper treatment most likely led to the psychotic event which he experienced on or about January 20. 2025.
>
> As a result of these sessions and the treatment which he has and is receiving from me, Mr. Abdel- Samed has made outstanding progress and it is my professional opinion that Mr. Abdel-Samed is ready and able to safely and without restrictions return to work at L.E.K. as a productive partner and fellow employee.

11.

Mr. Abdel-Samed requested L.E.K. to allow him back to work on May 1, 2025 and as part of that request to return to work, Plaintiff repeatedly asked L.E.K. in April 2025 to engage with him in the interactive process under the ADA, and in addition to full-time work, suggested accommodations of part-time and/or remote work. Defendant, however, refused to meet or discuss his return to work, other than discussions through its legal counsel, nor did L.E.K. offer any other alternative accommodation. L.E.K.'s discussions through its legal counsel do not satisfy its obligation to engage in interactive discussions.

12.

Defendant alleged in March several reasons for denying Plaintiff's right to return to work, among them poor performance, alleged threats made to the safety of L.E.K. personnel, destruction of a company laptop, and retention of confidential information. In the first instance, Plaintiff's performance was inconsistent with and contrary to any past partner terminations. In the second, Defendant failed to provide any evidence that Plaintiff was in any way to threat to safety. In the third, L.E.K. replacement of laptops occurs hundreds of times a year. In the fourth, Plaintiff secured emails related to management's fraud, mismanagement, misconduct, and mistreatment of Plaintiff, to preserve such information. On several occasions in April 2025, Plaintiff made clear that he believed that he was being discriminated against because of his disability and ongoing medical treatment by not being returned to work on either May 1, 2025 or any other date. On April 29, 2025, Defendant informed Plaintiff that they would not return him to work at L.E.K., citing alleged earlier conduct by Plaintiff during his psychotic event.

13.

Plaintiff's bipolar condition was a mental impairment that substantially limited his major bodily neurological function, he had a record of such an impairment, or being regarded by L.E.K. as having such an impairment.

14.

At the time that he requested to be returned to work, and currently, Plaintiff was and is able to perform the essential functions of the job, either with or without a reasonable accommodation and he had the skills, experience, and qualifications necessary to perform the duties of his position.

15.

On May 5, 2025, Plaintiff filed a Charge of Discrimination with the EEOC alleging disability discrimination and failure to accommodate under the ADA. A copy of that charge was provided to L.E.K. through counsel, on May 5, 2025.

16.

On or about May 19, 2025, fourteen (14) days after learning of the EEOC charge, Defendant conducted a secret vote of the entire L.E.K. partnership to expel Plaintiff from the Firm with no notice to Plaintiff or opportunity to respond despite a number of requests, effectively terminating his employment and substantially reducing the value of his interest in the Firm—an act of retaliation in direct response to his protected activity of requesting a return to work, his request for an accommodation, his request to engage in the interactive process and filing a charge of discrimination. Upon information and belief, the voting out process used on Plaintiff has been used only a handful of times in Firm history, and only for cases of fraud or joining a competing business.

17.

Plaintiff alleges that the reasons proffered for his termination are pretextual and motivated both by discriminatory animus toward his psychiatric disability and by retaliatory animus as described immediately above.

**COUNT I – VIOLATION OF THE ADA ( DISCRIMINATORY REFUSAL TO RETURN TO WORK, REFUSAL TO REASONABLY ACCOMMODATE (PLAINTIFF AND TERMINATION)**

18.

Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 17.

19.

Plaintiff is a qualified individual with a disability within the meaning of the ADA.

20.

Defendant knew of Plaintiff's ADA protected condition and his ability to return to work with or without reasonable accommodation.

21.

Defendant, however, refused to engage in the interactive process, denied his return to work, refused to discuss any reasonable accommodation and then terminated Plaintiff on or about May

1, 2025 because of his disability. Defendant's stated reason for his termination was pretextual for conduct which had occurred, and of which Defendant had been aware of, for approximately three-and one-half months.

22.

Defendant's above-described conduct toward Plaintiff constituted unlawful discrimination under the ADA.

23.

As a direct result of Defendant's discriminatory conduct, Plaintiff has suffered lost compensation, lost equity in the Firm, has suffered emotional distress, suffered reputational harm, and is entitled to punitive damages due to the intentional, willful and wanton conduct by Defendant.

**COUNT II – VIOLATION OF THE ADA (RETALIATION)**

24.

Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 17.

25.

Plaintiff engaged in protected activity under the ADA, including requesting accommodations beginning in March 2025 and by filing an EEOC charge on May 5, 2025.

26.

Defendant retaliated against Plaintiff because of that protected activity by refusing to return him from his leave, secretly scheduling a partnership vote and then expelling him from the Partnership on May 19, 2025. This expulsion occurred fourteen (14) days after being informed of his filing of an EEOC charge on May 5, 2025 and within less than two months of his initial requests for an accommodation.

27.

Defendant's retaliatory conduct described above violated the ADA's prohibition against retaliation for engaging in protected activity.

28.

As a direct result of Defendant's retaliatory conduct, Plaintiff has suffered lost compensation, lost equity in the Firm, has suffered emotional distress, suffered reputational harm, is entitled to punitive damages due to the intentional, willful and wanton conduct by Defendant and costs and attorney's fees.

**COUNT III – VIOLATION OF THE ADA ("REGARDED AS" DISABLED)**

29.

Plaintiff incorporates by reference the allegations set forth above paragraphs 1 through 17.

30.

Under the ADA, an individual is "regarded as" having a disability if subjected to an adverse employment action because of an actual or perceived physical or mental impairment, regardless of whether the impairment limits or is perceived to limit a major life activity. 42 U.S.C. § 12102(3).

31.

Plaintiff was perceived and treated by Defendant as being impaired due to his mental health condition, specifically bipolar disorder.

32.

Plaintiff's medical condition was being expertly treated and managed and did not prevent him from performing the essential functions of his job, with or without a reasonable accommodation.

33.

Despite medical documentation dated March 30, 2025 from his healthcare provider indicating his fitness to return to work, Defendant refused to meet with Plaintiff or allow him to return to work, based solely on inaccurate and stereotypical assumptions about his mental health condition.

34.

During Plaintiff's leave of absence, Defendant cut Plaintiff off from all Firm communications, refused to engage in the interactive process, refused to offer any reasonable accommodations and ultimately expelled him from the partnership—all due to Defendant's inaccurate and stereotyped perception that Plaintiff was mentally unstable or incapable of returning to work.

35.

Plaintiff suffered an adverse employment action—denial of a return to work, termination, and loss of equity interest—as a result of being regarded by Defendant as disabled.

36.

Plaintiff is entitled to the protections of the ADA's "regarded as" prong, even if he does not have an actual disability, because Defendant treated him as if he did.

37.

Defendant's actions violated the ADA's prohibition against discrimination based on being "regarded as" disabled.

38.

As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including loss of income, loss of equity interest, reputational harm, emotional distress, and attorneys' fees and costs.

## COUNT IV – VIOLATION OF THE ADA (DISCRIMINATION BASED ON ("RECORD OF" A DISABILITY)

39.

Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 17.

40.

The Americans with Disabilities Act, 42 U.S.C. § 12102(1)(B), prohibits an employer from discriminating against an individual because of a record of a physical or mental impairment that substantially limits one or more major life activities.

41.

Plaintiff has a record of a mental impairment—specifically, bipolar disorder—that required a temporary medical leave and for which he received and is receiving ongoing psychiatric treatment and medication.

42.

Plaintiff's healthcare provider provided written documentation affirming Plaintiff's diagnosis, treatment, and capacity to return to work, documentation that was provided to Defendant on or about April 1, 2025. Plaintiff requested a return to work, effective May 1, 2025.

43.

Despite that record of treatment and recovery, and despite Plaintiff's requests for reinstatement and accommodations, Defendant refused to engage in the interactive process or return Plaintiff to work.

44.

Defendant's refusal to return Plaintiff to work, exclusion from Firm communications, and expulsion from the partnership were motivated by his documented mental health history and were actions taken on the basis of that record.

45.

Defendant's conduct constitutes unlawful discrimination under the ADA's "record of" prong, as well as retaliation for asserting his rights under the ADA.

46.

As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer damages including lost income, lost benefits and equity, emotional distress, reputational harm, and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Noor Abdel-Samed respectfully requests that the Court enter judgment in his favor and against Defendant, and award the following relief:

a. A determination that Plaintiff was subjected to discrimination or retaliation prohibited under the ADA;

b. Back pay, including salary, bonuses, full equity and lost benefits;

b. Reinstatement to his former position, or in the alternative, front pay;

c. Compensatory damages for emotional distress and reputational harm;

d. Punitive damages;

e. Pre-judgment and post-judgment interest;

f. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205;

g. Any other relief the Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted this 2nd day of June, 2025.

**GARY R. KESSLER, P.C.**
By: /s/ Gary R. Kessler
Gary R. Kessler
Georgia Bar No. 416562
2573 Apple Valley Road NE
Atlanta, Georgia 30319
Tel: 404-237-1020
Email: gkessler@martensonlaw.com
*Attorney for Plaintiff Noor Abdel-Samed*