**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| NOOR ABDEL-SAMED<br><br>Plaintiff,<br><br>v.<br><br>L.E.K LLC CONSULTANTS<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>1:25-cv-03051-SDG-LTW |

**DEFENDANT L.E.K. CONSULTANTS LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW L.E.K. Consultants LLC[1] (hereinafter "L.E.K." or "Defendant") and hereby submits its Answer to this First Amended Complaint ("First Amended Complaint") filed by Noor Abdel-Samed ("Plaintiff") as follows:

**JURISDICTION AND VENUE**

1. Paragraph 1 of the First Amended Complaint asserts only legal conclusions to which no response is required. To the extent a response may be required, Defendant denies that it violated Plaintiff's rights under the Americans

[1] L.E.K. LLC Consultants did not employ Plaintiff. The correct legal name of the entity that employed Plaintiff is L.E.K. Consulting LLC. For this reason, every allegation contained in the First Amended Complaint that makes any allegation regarding "L.E.K. LLC Consultants" is denied. For avoidance of doubt, if an allegation is not expressly admitted herein, it is denied.

with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. (“ADA”) and that it is liable to Plaintiff in any manner whatsoever.

2. Paragraph 2 of the First Amended Complaint asserts only legal conclusions to which no response is required. The Plaintiff agreed to arbitrate certain of his pending claims in arbitration so Defendant reserves its right compel arbitration of those claims should Plaintiff not dismiss them. Otherwise, Defendant does not contest jurisdiction.

3. Paragraph 3 of the First Amended Complaint asserts only legal conclusions to which no response is required. Plaintiff agreed to arbitrate certain of his pending claims in arbitration so Defendant reserves its right compel arbitration of those claims should Plaintiff not dismiss them. Otherwise, Defendant does not contest venue.

4. Defendant admits that Plaintiff previously filed a Charge of Employment Discrimination with the United States Equal Employment Opportunity Commission (“EEOC”). Defendant admits the EEOC declined to further investigate Plaintiff’s Charge and issued Plaintiff a Notice of Rights. Defendant denies the remaining allegations contained in Paragraph 4 of the First Amended Complaint.

## PARTIES

5. In response to the allegations set forth in Paragraph 5 of the First Amended Complaint, Defendant admits that the last address for Plaintiff made

known to the Company was in the State of Georgia. Defendant admits that Plaintiff was the Office Head of the Atlanta office prior to his separation.

6. Defendant admits the allegations contained in Paragraph 6 of the First Amended Complaint.

## STATEMENT OF FACTS

7. Defendant admits the allegations contained in Paragraph 7 of the First Amended Complaint.

8. Defendant admits that Plaintiff suffered a medical event on or about January 20, 2025. At Plaintiff's request, Plaintiff was granted a leave of absence and placed on paid leave for approximately three months. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the First Amended Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the First Amended Complaint.

10. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the First Amended Complaint. If a response is required, Defendant denies the allegations contained therein

11. Defendant admits that Mr. Abdel-Samed requested to return to work on or about May 1, 2025. Defendant otherwise denies the allegations contained in Paragraph 11 of the First Amended Complaint.

12. Defendant admits that it terminated Plaintiff for legitimate, non-discriminatory and non-retaliatory reasons, including breach of confidentiality, the issuance of a temporary restraining order against him, and destruction of Defendant's equipment. Defendant denies the remaining allegations contained in Paragraph 12 of the First Amended Complaint.

13. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the First Amended Complaint. If a response is required, Defendant denies the allegations contained therein.

14. Defendant admits that Plaintiff requested to return to work on or about May 1, 2025. Defendant is without information or knowledge sufficient to form a belief as to the truth of whether Plaintiff is currently able to perform the essential functions of the job, with or without a reasonable accommodation. Defendant denies the remaining allegations contained in Paragraph 14 of the First Amended Complaint.

15. Defendant admits that Plaintiff previously filed a Charge of Employment Discrimination with the EEOC.

16. Defendant admits that on or about May 19, 2025, the L.E.K. partnership voted on Mr. Abdel-Samed's status as a shareholder pursuant to L.E.K.'s corporate documents. Defendant otherwise denies the allegations contained in Paragraph 16 of the First Amended Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the First Amended Complaint.

**COUNT I – VIOLATION OF THE ADA (DISCRIMINATORY REFUSAL TO RETURN TO WORK, REFUSAL TO REASONABLY ACCOMMODATE PLAINTIFF AND TERMINATION)**

18. Defendant incorporates its prior responses.

19. Paragraph 19 of the First Amended Complaint asserts only legal conclusions to which no response is required. To the extent the Paragraph misstates or misrepresents the contents or aims of the ADA, it is denied. To the extent the Paragraph alleges or implies the First Amended Complaint states a claim against Defendant, it is denied.

20. Defendant denies the allegations contained in Paragraph 20 of the First Amended Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the First Amended Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the First Amended Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the First Amended Complaint.

**COUNT II – VIOLATION OF THE ADA (RETALIATION)**

24. Defendant incorporates its prior responses.

25. Paragraph 25 of the First Amended Complaint asserts only legal conclusions to which no response is required. To the extent the Paragraph misstates or misrepresents the contents or aims of the ADA, it is denied. To the extent the Paragraph alleges or implies the First Amended Complaint states a claim against Defendant, it is denied.

26. Defendant denies the allegations contained in Paragraph 26 of the First Amended Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the First Amended Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the First Amended Complaint.

**COUNT III – VIOLATION OF THE ADA ("REGARDED AS" DISABLED)**

29. Defendant incorporates its prior responses.

30. Paragraph 30 of the First Amended Complaint asserts only legal conclusions to which no response is required. To the extent the Paragraph misstates or misrepresents the contents or aims of the ADA, it is denied. To the extent the

Paragraph alleges or implies the First Amended Complaint states a claim against Defendant, it is denied.

31. Defendant denies the allegations contained in Paragraph 31 of the First Amended Complaint.

32. Defendant is without information or knowledge sufficient to form a belief as to the truth of whether Plaintiff's medical condition was being expertly treated and managed. Defendant denies the remaining allegations contained in Paragraph 32 of the First Amended Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the First Amended Complaint.

34. Defendant admits that Plaintiff was not permitted to access L.E.K. servers during his medical leave. Defendant denies the remaining allegations contained in Paragraph 34 of the First Amended Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the First Amended Complaint.

36. Paragraph 36 of the First Amended Complaint asserts only legal conclusions to which no response is required. To the extent the Paragraph misstates or misrepresents the contents or aims of the ADA, it is denied. To the extent the Paragraph alleges or implies the First Amended Complaint states a claim against Defendant, it is denied.

37. Defendant denies the allegations contained in Paragraph 37 of the First Amended Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the First Amended Complaint.

## COUNT IV – VIOLATION OF THE ADA (DISCRIMINATION BASED ON "RECORD OF" A DISABILITY")

39. Defendant incorporates its prior responses.

40. Paragraph 40 of the First Amended Complaint asserts only legal conclusions to which no response is required. To the extent the Paragraph misstates or misrepresents the contents or aims of the ADA, it is denied. To the extent the Paragraph alleges or implies the First Amended Complaint states a claim against Defendant, it is denied.

41. Paragraph 41 of the First Amended Complaint asserts only legal conclusions to which no response is required. To the extent the Paragraph misstates or misrepresents the contents or aims of the ADA, it is denied. To the extent the Paragraph alleges or implies the First Amended Complaint states a claim against Defendant, it is denied.

42. Defendant admits the allegations contained in Paragraph 42 of the First Amended Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the First Amended Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the First Amended Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the First Amended Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the First Amended Complaint.

## GENERAL DENIAL

Defendant denies each and every allegation set forth in the First Amended Complaint that has not been expressly admitted herein.

## PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to any relief whatsoever under any theory at law or in equity, whether sought by Plaintiff in subparts (a) through (g) of the same Paragraph or otherwise. Responding further, Defendant denies that it has violated any statute, or that it has otherwise committed any wrongdoing with respect to Plaintiff.

## JURY TRIAL DEMANDED

In response to Plaintiff's Jury Trial Demand, Defendant admits only that Plaintiff purports to demand a trial by jury as to all issued so triable. Defendant, however, denies that Plaintiff is entitled to any relief whatsoever under any theory at

law or in equity. Responding further, Defendant denies that it has violated any statute, or that is has otherwise committed any wrongdoing with respect to Plaintiff.

**DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES[2]**

In addition to the foregoing responses, Defendant asserts the below and following defenses to Plaintiff's claims. The factual bases for the following affirmative and other defenses are set forth in further detail in the foregoing responses to the allegations contained in the Complaint, which are re-alleged and incorporated herein by reference.

**FIRST DEFENSE**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred because Defendant did not subject Plaintiff to any form of unlawful or improper action.

**THIRD DEFENSE**

Plaintiff's claims for damages are barred, in whole or in part, to the extent Plaintiff seeks to recover damages in excess of the types or amount allowed by law.

---

[2] By pleading any matter as a defense, Defendant does not concede that it bears the burden of proof with regard to such matter.

**FOURTH DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the after-acquired evidence defense.

**FIFTH DEFENSE**

Plaintiff's claims may be barred to the extent Plaintiff failed to act reasonably and diligently to mitigate his alleged damages.

**SIXTH DEFENSE**

Plaintiff's claims may be barred by Plaintiff's unclean hands.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to timely exhaust all applicable administrative remedies or otherwise satisfy all conditions precedent and/or statutory and jurisdictional prerequisites to suit required by applicable law.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the damages Plaintiff allegedly suffered are too remote to form the basis for any recovery against Defendant.

**NINTH DEFENSE**

All actions taken by Defendant affecting Plaintiff and/or the terms or conditions of his employment were taken for legitimate, non-discriminatory, non-

retaliatory reasons and, as such, did not violate any legal rights possessed by Plaintiff. In the alternative, even if Plaintiff is able to demonstrate that discrimination played a motivating part in any action at issue in this case, which it did not, the same action would have been taken for legitimate, non-discriminatory, non-retaliatory reasons.

**TENTH DEFENSE**

At all times, Defendant acted in accordance and in good faith compliance with all federal and state laws. Defendant has a well-disseminated and consistently enforced policy against discrimination, and a reasonable and available procedure for receiving and investigating complaints. To the extent Plaintiff unreasonably failed to use or otherwise avail himself of these policies, procedures and preventive or corrective mechanisms, his claims are barred.

**ELEVENTH DEFENSE**

Defendant has at all times acted in good faith compliance with all federal and state laws. Defendant has neither intentionally nor willfully violated Plaintiff's rights in any manner nor otherwise acted maliciously or negligently with respect to Plaintiff or any aspect of his employment. At no time did Defendant act with intent to injure Plaintiff or with any malice or reckless indifference towards Plaintiff or his employment in any respect; and Defendant, therefore, cannot be held liable for punitive or liquidated damages.

**TWELFTH DEFENSE**

Any claim of discrimination is barred, and any recovery of damages is precluded, because Defendant exercised reasonable care to prevent and promptly correct any unlawful behavior.

**THIRTEENTH DEFENSE**

All actions taken were for good cause and in good faith and were based on reasonable factors other than disability (or any protected category).

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because they are subject to a valid, binding, and enforceable arbitration agreement. Plaintiff agreed to arbitrate certain or all of the claims asserted in the First Amended Complaint, and Defendant has not waived and expressly reserves the right to compel arbitration and to stay or dismiss this action in favor of arbitration.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to adequately allege that he suffered any compensable damages as a result of Defendant's conduct.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege facts sufficient to establish a causal connection between any alleged

conduct by Defendant and any alleged injury.

**SEVENTEENTH DEFENSE**

Defendant reserves the right to amend or add any additional defenses or affirmative defenses or counterclaims which become known during the course of this action.

WHEREFORE, having fully answered this First Amended Complaint, Defendant respectfully requests:

(1) Judgment entered in favor of Defendant and this action dismissed with prejudice;

(2) Judgment entered in favor of Defendant for all costs and attorneys' fees incurred by it in the defense of this action; and

(3) That Defendant recover such other and further relief as this Court may deem just and proper.

This 9th day of April 2026.

**JACKSON LEWIS P.C.**

*/s/ Jeffrey A. Schwartz*

Jeffrey A. Schwartz
Georgia Bar No. 558465
Najmah James
Georgia Bar No. 867659
JACKSON LEWIS P.C.
171 17th Street, Suite 1200
Atlanta, Georgia 30363

Telephone: (404) 525-8200
Fax: (404) 525-1173
Jeffrey.schwartz@jacksonlewis.com
Najmah.james@jacksonlewis.com
*Attorneys for Defendant*

**CERTIFICATION**

In accordance with Civil Local Rules 5.1(C) and 7.1(D), I hereby certify that this document has been prepared in 14-point, Times New Roman font.

**JACKSON LEWIS P.C.**

*/s/ Jeffrey A. Schwartz*
Jeffrey A. Schwartz
Georgia Bar No. 558465

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| NOOR ABDEL-SAMED | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:25-cv-03051-SDG-LTW |
| L.E.K LLC CONSULTANTS | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of April, 2026, a copy of the foregoing **DEFENDANT L.E.K. CONSULTANTS LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** was filed with the Clerk of the Court via the NextGen system which will automatically send an email notification of such filing to the following counsel of record:

Gary R. Kessler
GARY R. KESSLER, P.C.
2573 Apple Valley Rd. NE
Atlanta, GA 30319
gkessler@martensonlaw.com

*Attorney for Plaintiff*

**JACKSON LEWIS P.C.**

*/s/ Jeffrey A. Schwartz*
Jeffrey A. Schwartz
Georgia Bar No. 558465