**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| NOOR ABDEL-SAMED,<br><br>Plaintiff,<br><br>v.<br><br>L.E.K. CONSULTING, LLC,<br><br>Defendant. | Civil Action No.<br>1:25-cv-03051-SDG-LRS |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COMES NOW Defendant L.E.K. Consultants, LLC ("L.E.K." or "Defendant")[1] hereby submits its Answer and Affirmative Defenses to the Third Amended Complaint (Doc. 53) of Plaintiff Noor Abdel-Samed, as follows:

## JURISDICTION AND VENUE

1. Paragraph 1 asserts only legal conclusions to which no response is required. To the extent a response may be required, Defendant denies that it violated Plaintiff's rights under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA") and denies that it is liable to Plaintiff in any manner whatsoever.

---

[1] The correct legal entity that employed Plaintiff is L.E.K. Consulting, LLC, as Defendant previously clarified in its Answer to Plaintiff's First Amended Complaint on April 9, 2026 (Doc. 29). By Clerk's Entry of Dismissal entered October 7, 2026, the Court approved the Parties' Joint Stipulation of Partial dismissal with Prejudice (Doc. 47) as to Defendant L.E.K. LLC Consultants. Accordingly, Defendant answers on behalf of L.E.K. Consulting LLC only. Every allegation directed to "L.E.K. LLC Consultants" or "L.E.K. Consulting America Inc." as Plaintiff's employer is denied. For the avoidance of doubt, any allegation not expressly admitted herein is denied.

2. Paragraph 2 asserts only legal conclusions to which no response is required. To the extent a response is required, Defendant does not contest this Court's subject-matter jurisdiction over Plaintiff's ADA claims. Defendant denies any remaining allegations in Paragraph 2.

3. Paragraph 3 asserts only legal conclusions to which no response is required. To the extent a response is required, Defendant does not contest venue in this District. Defendant denies that it engaged in any discriminatory or retaliatory employment practices and any remaining allegations contained in Paragraph 3.

4. Defendant admits Plaintiff filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") and that Plaintiff's employment ended on or about May 19, 2025. Defendant denies that Plaintiff has satisfied all administrative prerequisites as to every claim and theory asserted and denies any remaining allegations contained in Paragraph 4.

5. Defendant admits only that the EEOC issued Plaintiff a Notice of Right to Sue upon request. Defendant denies the remaining allegations contained in Paragraph 5.

## PARTIES

6. Defendant admits that the last address Plaintiff made known to Defendant was in Atlanta, Georgia. Defendant denies Plaintiff held the title of

"Managing Partner," denies Plaintiff's characterization of "the events described herein," and denies any remaining allegations contained in Paragraph 6.

7. Defendant does not contest service. Defendant expressly denies that "L.E.K. LLC Consultants" is a proper party, accurately describes Defendant, or employed Plaintiff.

**STATEMENT OF FACTS**

8. Defendant admits that Plaintiff joined L.E.K. in 2017, became a Partner, and led the Atlanta office. Defendant denies any remaining allegations contained in Paragraph 8.

9. Defendant admits that Plaintiff experienced a medical event on or about January 20, 2025, and that Plaintiff was granted a leave of absence, during which he was placed on paid leave for approximately three months. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 9 and therefore denies them.

10. Defendant admits that Plaintiff's access to L.E.K. systems was suspended during his leave of absence, consistent with Defendant's information-security practices and its legitimate interest in safeguarding confidential and proprietary information. Defendant denies the remaining allegations contained in Paragraph 10.

11. Defendant admits that, on or about April 3, 2025, Plaintiff's counsel provided Defendant with a letter from his treating physician. That letter speaks for itself, and Defendant denies any characterization inconsistent with its contents. Defendant denies that the remaining allegations contained in Paragraph 11.

12. Defendant admits Plaintiff requested to return to work on or about May 1, 2025. Defendant denies the remaining allegations contained in Paragraph 12.

13. Defendant admits that it terminated Plaintiff for legitimate, non-discriminatory and non-retaliatory reasons, including his transmittal of confidential L.E.K. information, the destruction of his L.E.K.-issued laptop, and matters bearing on the safety of L.E.K. personnel and the firm's reputation. Defendant denies Plaintiff's characterization of those reasons and the remaining allegations contained in Paragraph 13.

14. Defendant admits that, in April 2025, it informed Plaintiff that he would not be returned to work. Defendant denies the remaining allegations contained in Paragraph 14.

15. Paragraph 15 asserts legal conclusions to which no response is required. To the extent a response may be required, Defendant denies the allegations contained in Paragraph 15.

16. Defendant denies that Plaintiff was able to perform the essential functions of his position at the time he requested to return to work. Defendant is

sufficient without knowledge or information to form a belief as to Plaintiff's present abilities and therefore denies those allegations. Defendant further denies the remaining allegations contained in Paragraph 16.

17. Defendant admits Plaintiff filed a Charge with the EEOC and that Plaintiff's counsel emailed an unperfected copy to Defendant's outside counsel on or about May 5, 2025. The Charge speaks for itself, and Defendant denies any allegations inconsistent with its contents. Defendant further denies the remaining allegations contained in Paragraph 17.

18. Defendant admits that its Partner's voted on Plaintiff's status as a Partner and Shareholder pursuant to L.E.K.'s corporate documents and that Plaintiff's employment with L.E.K. ended on or about May 19, 2025. Defendant denies the remaining allegations contained in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

**COUNT I – VIOLATION OF THE ADA (DISCRIMINATORY REFUSAL TO RETURN TO WORK, REFUSAL TO REASONABLY ACCOMMODATE PLAINTIFF AND TERMINATION)**

20. Defendant incorporates by reference its responses to Paragraphs 1 through 19 of the Third Amended Complaint as if fully set forth herein.

21. Paragraph 21 asserts only legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

**COUNT II – VIOLATION OF THE ADA (RETALIATION)**

26. Defendant incorporates by reference its responses to Paragraphs 1 through 19 of the Third Amended Complaint as if fully set forth herein.

27. Paragraph 27 asserts only legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant denies the allegations contained in Paragraph 29.

30. Defendant denies the allegations contained in Paragraph 30. Defendant further states that liquidated damages are not an available remedy under the ADA.

**COUNT III – VIOLATION OF THE ADA (“REGARDED AS” DISABLED)**

31. Defendant incorporates by reference its responses to Paragraphs 1 through 19 of the Third Amended Complaint as if fully set forth herein.

32. Paragraph 32 asserts only legal conclusions to which no response is required. To the extent a response is required, Defendant states that the cited statute speaks for itself and denies that Plaintiff is entitled to any relief under it.

33. Defendant denies the allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant denies the allegations contained in Paragraph 35.

36. Defendant admits that Plaintiff's access to L.E.K. systems were suspended during his leave of absence, consistent with Defendant's information-security practices and its legitimate interest in safeguarding confidential and proprietary information. Defendant denies the remaining allegations contained in Paragraph 36.

37. Defendant denies the allegations contained in Paragraph 37.

38. Defendant denies the allegations contained in Paragraph 38.

39. Defendant denies the allegations contained in Paragraph 39.

40. Defendant denies the allegations contained in Paragraph 40.

**COUNT IV – VIOLATION OF THE ADA (DISCRIMINATION BASED ON "RECORD OF" A DISABILITY)**

41. Defendant incorporates by reference its responses to Paragraphs 1 through 19 of the Second Amended Complaint as if fully set forth herein.

42. Paragraph 42 asserts only legal conclusions to which no response is required. To the extent a response is required, Defendant states that the cited statute speaks for itself and denies that Plaintiff is entitled to any relief under it.

43. Defendant denies the allegations contained in Paragraph 43.

44. Defendant admits that Plaintiff, through counsel, provided Defendant with documentation from his healthcare provider in early April 2025 and that Plaintiff requested to return to work effective May 1, 2025. The documentation speaks for itself, and Defendant denies any allegation inconsistent with its contents. Defendant denies the remaining allegations contained in Paragraph 44.

45. Defendant denies the allegations contained in Paragraph 45.

46. Defendant denies the allegations contained in Paragraph 46.

47. Defendant denies the allegations contained in Paragraph 47.

48. Defendant denies the allegations contained in Paragraph 48.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" paragraph following Paragraph 48 of the Second Amended Complaint, including subparagraphs (a) through (h), or to any relief whatsoever, at law or in equity. Defendant further denies that it has violated any statute or that it has otherwise committed any wrongdoing with respect to Plaintiff.

## JURY TRIAL DEMANDED

Defendant admits only that Plaintiff purports to demand a trial by jury on all claims so triable. Defendant denies that Plaintiff is entitled to any relief whatsoever under any theory at law or in equity. Responding further, Defendant denies that it

has violated any statute, or that it has otherwise committed any wrongdoing with respect to Plaintiff.

## GENERAL DENIAL

Defendant denies each and every allegation of the Second Amended Complaint that is not expressly and specifically admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof, persuasion, or production that it would not otherwise bear, and incorporating its responses above, Defendant asserts the following defenses.

### FIRST DEFENSE

Plaintiff's Third Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred because Defendant did not subject Plaintiff to any form of unlawful or improper action.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to recover damages beyond the limitations of 42 U.S.C. § 1981a(b)(3). Liquidated damages, which Plaintiff seeks in Count II, are not an available remedy under the ADA. To the extent compensatory and punitive damages and a jury trial are unavailable for ADA retaliation claims under 42 U.S.C. § 12203 and the remedial

provisions of 42 U.S.C. § 1981a, Plaintiff may not recover such damages on Count II or on any retaliation theory asserted in Count IV.

**FOURTH DEFENSE**

Plaintiff's claims for relief are barred or limited by the after-acquired evidence doctrine to the extent Defendant discovers, or has discovered, conduct by Plaintiff that would have resulted in his separation had Defendant known of it, including the full extent of Plaintiff's misappropriation, retention, use, or disclosure of confidential information.

**FIFTH DEFENSE**

Plaintiff's claims for damages are barred or must be reduced to the extent Plaintiff failed to exercise reasonable diligence to mitigate his alleged damages. Any recovery by Plaintiff must be offset by all amounts Plaintiff received from Defendant and by any interim earnings or other amounts received from any source.

**SIXTH DEFENSE**

Plaintiff's claims for equitable relief, including reinstatement and front pay, are barred by the doctrine of unclean hands, including on account of Plaintiff's misappropriation and retention of Defendant's confidential information and destruction of Defendant's property.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of, or could not reasonably be expected to grow out of, his EEOC Charge; to

the extent that they are based on acts occurring more than 180 days before filing of that Charge, *see* 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e-5(e)(1); or to the extent Plaintiff otherwise failed to satisfy all administrative and statutory prerequisites to suit, including filing within 90 days of receipt of a Notice of Right to Sue, *see* 42 U.S.C. § 2000e-5(f)(1).

**EIGHTH DEFENSE**

Plaintiff's alleged damages, including reputational harm and emotional distress, are too speculative and too remote to form the basis for any recovery against Defendant.

**NINTH DEFENSE**

Every action taken by Defendant with respect to Plaintiff was taken for legitimate, non-discriminatory, and non-retaliatory business reasons and, as such, did not violate any legal rights possessed by Plaintiff.

**TENTH DEFENSE**

Even if Plaintiff could show that any protected characteristic or activity was a motivating factor in any decision, which Defendant denies, Defendant would have taken the same action in the absence of any impermissible motivating factor.

**ELEVENTH DEFENSE**

Defendant made good-faith efforts to comply with the ADA and maintained and enforced policies prohibiting discrimination and retaliation, and it did not act with malice or reckless indifference to Plaintiff's federally protected rights. Punitive

damages are therefore unavailable under 42 U.S.C. § 1981a(b)(1) and the good-faith compliance defense recognized in *Kolstad v. American Dental Association*, 527 U.S. 526 (1999). Further, to the extent Plaintiff's claims rest on a failure to make reasonable accommodation, Defendant's good-faith efforts bar compensatory and punitive damages under 42 U.S.C. § 1981a(a)(3).

**TWELFTH DEFENSE**

Any claim of discrimination is barred, and any recovery of damages is precluded, because Defendant exercised reasonable care to prevent and promptly correct any unlawful behavior.

**THIRTEENTH DEFENSE**

All actions taken were for good cause and in good faith and were based on reasonable factors other than disability (or any protected category).

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent they are subject to a valid and enforceable agreement to arbitrate. Defendant has not waived, and expressly reserves, its right to compel arbitration of any such claims and to stay or dismiss this action in favor of arbitration.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to adequately allege that he suffered any compensable damages as a result of Defendant's conduct.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege facts sufficient to establish a causal connection between any alleged conduct by Defendant and any alleged injury.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the Joint Stipulation of Partial Dismissal with Prejudice (Doc. 47), approved by the Clerk on October 7, 2026, to the extent they seek damages, loss of equity, or other relief arising out of Plaintiff's designation as an "Other Retired Partner," including any punitive damages and attorneys' fees related to that designation.

**EIGHTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has named or asserted claims against an entity that was not his employer within the meaning of the ADA. Neither "L.E.K. Consulting America Inc." nor "L.E.K. LLC Consultants" employed Plaintiff and claims against Defendant L.E.K LLC Consultants have been dismissed with prejudice.

**NINETEENTH DEFENSE**

Pursuant to Federal Rule of Civil Procedure 8(d)(2) and (3), Defendant pleads this defense in the alternative and regardless of consistency. To the extent the evidence shows that Plaintiff, as a Partner and shareholder who participated in the governance and profits of the firm and could be removed only by a vote of his fellow

Partners under the Shareholders' Deed, was not an "employee" within the meaning of the ADA, his claims are barred. *See Clackamas Gastroenterology Associates, P.C. v. Wells*, 538 U.S. 440 (2003).

**TWENTIETH DEFENSE**

Defendant's concerns regarding Plaintiff's conduct, and the parties' negotiations regarding Plaintiff's separation, pre-dated Plaintiff's EEOC Charge and any alleged request for accommodation. Defendant's continuation of a course of action contemplated before any protected activity cannot support an inference of retaliatory causation.

**TWENTY-FIRST DEFENSE**

Plaintiff was not a qualified individual within the meaning of the ADA because, based on the circumstances known to Defendant, he could not perform the essential functions of a Partner and office leader, with or without reasonable accommodation, including the exercise of judgment, the safeguarding of confidential information, and the maintenance of trust with clients and partners.

**TWENTY-SECOND DEFENSE**

Plaintiff's failure-to-accommodate and interactive-process theories fail, in whole or in part, because Plaintiff did not make a specific request for a reasonable accommodation that was necessary because of a disability, and because the failure to engage in an interactive process does not, standing alone, give rise to liability under the ADA absent a showing that a reasonable accommodation was available.

To the extent that Plaintiff proceeds under the "regarded as" prong of the definition of disability, Defendant had no obligation to provide a reasonable accommodation, 42 U.S.C. § 12201(h), and any failure-to-accommodate claim premised on that prong fails as a matter of law.

**TWENTY-THIRD DEFENSE**

Pursuant to Federal Rule of Civil Procedure 8(d)(2) and (3), Defendant pleads this defense in the alternative and regardless of consistency. To the extent Plaintiff requested any accommodation, such accommodation would not have been reasonable and would have imposed an undue hardship on the operation of Defendant's business.

**TWENTY-FOURTH DEFENSE**

To the extent any decision was based on considerations of safety, Defendant's actions were justified by job-related considerations consistent with business necessity and by Defendant's reasonable, good-faith assessment of the risk to the health or safety of others in the workplace, within the meaning of 42 U.S.C. §§ 12111(3) and 12113.

**TWENTY-FIFTH DEFENSE**

An employer may hold an employee with a disability to the same standards of conduct as other employees. Plaintiff's separation was based on misconduct that would have warranted the same action regardless of any disability, and the ADA does not excuse workplace misconduct even if related to a disability.

**TWENTY-SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel, including to the extent Plaintiff represented that he could return to work without restrictions and to the extent Plaintiff, in February 2025, proposed negotiating his exit and severance.

**TWENTY-SEVENTH DEFENSE**

Reinstatement is not an appropriate remedy given the irreparable breakdown in trust between Plaintiff and Defendant's partnership, Plaintiff's conduct, and the nature of a Partner and office-leader role.

**<u>RESERVATIONS</u>**

Defendant reserves the right to amend this Answer, to assert additional affirmative and other defenses, and to assert counterclaims which become known during the course of this action.

WHEREFORE, having fully answered the Second Amended Complaint, Defendant respectfully requests:

(a) Judgment in favor of Defendant and this action dismissed with prejudice;

(b) Judgment in favor of Defendant for all costs and attorneys' fees incurred by its defense of this action; and

(c) Grant Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted this 2nd day of November, 2026.

**JACKSON LEWIS P.C.**

*/s/ Jeffrey A. Schwartz*
Jeffrey A. Schwartz
Georgia Bar No. 558465
Raquel A. Cato (pro hac vice)
Tennessee Bar No. 040675

Jackson Lewis P.C.
171 17th Street NW, Suite 1200
Atlanta, Georgia 30363
Telephone: (404) 525-8200
Fax: (404) 525-1173
Jeffrey.Schwartz@jacksonlewis.com
Raquel.Cato@jacksonlewis.com

*Counsel for Defendant*

## CERTIFICATION

In accordance with Civil Local Rules 5.1(C) and 7.1(D), I hereby certify that this document has been prepared in 14-point, Times New Roman font.

*/s/ Jeffrey A. Schwartz*
Jeffrey A. Schwartz

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| NOOR ABDEL-SAMED,<br><br>Plaintiff,<br><br>v.<br><br>L.E.K. CONSULTING, LLC,<br><br>Defendant. | Civil Action No.<br>1:25-cv-03051-SDG-LRS |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2026, I electronically filed the foregoing DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following counsel of record:

Gary R. Kessler
GARY R. KESSLER, P.C.
2573 Apple Valley Road NE
Atlanta, Georgia 30319
gkessler@martensonlaw.com
Attorney for Plaintiff

*/s/ Jeffrey A. Schwartz*
Jeffrey A. Schwartz
Georgia Bar No. 558465